Ronald Lynn SCOTT, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 50918, 50919.

Court of Criminal Appeals of Texas.

Jan. 28, 1976.

---

1. In *Falco*, the request for such an instruction was overruled.

Lindsey Enderby, Dallas, for appellant.

Henry Wade, Dist. Atty., Gary Love, Bill Booth and Don Driscoll, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeals are taken from two convictions for burglary of a habitation. Both causes were tried together and punishments were assessed by the jury at thirty and forty years.

The indictments aver that both offenses occurred on or about March 8, 1974, and the record reflects that trial was in June, 1974.

In his sole ground of error, appellant contends that the court erred in admitting into evidence "testimony concerning the results of a search and seizure of an automobile driven by the appellant, as the search and seizure were made without probable cause and without the necessary exigent circumstances, in violation of appellant's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution and Article I, Section 9 of the Constitution of the State of Texas and Article 38.23, C.C.P."

The record reflects that the homes of Vesta Johnson and Descina Byrd were entered without their permission on March 8, 1974. A television set, tape recorder, record player and various other items were taken from the Johnson home located on Cooper Street. A portable television set was taken from the Byrd home on Granite Hill Street by the burglar.

Robert Johnson, a neighbor, identified appellant as the person he had seen removing a record player and television set from the home of Johnson at about 10:30 a. m. on the date in question. He took down the license number of the vehicle driven by appellant and transmitted this information to Johnson, who in turn called the police.

At about 1:10 p. m. on the same date, Joseph White and Johnny Spence observed a man carrying a television set out of the Byrd home. The men became suspicious, followed the automobile, took the license number of the car and relayed this information to the police. Spence made an in-court identification of appellant as the man he had seen removing the television set from the Byrd home.

Charles Storey, a Dallas police officer, received a radio message in his police car at

about 1:40 p. m. the same day that a "white over blue Rambler" with license number LXC–947 was involved in burglaries. In "approximately 5 minutes" Storey saw the vehicle described in the broadcast, followed it a short distance and stopped the car. Storey identified appellant as the driver and sole occupant of the vehicle. Shortly after Storey stopped appellant, an unidentified officer arrived and opened the trunk of appellant's car with a key Storey believed to have been taken from the ignition of the car. A search of the trunk resulted in the seizure of articles later determined to have been taken in the two burglaries.

■ In order for a warrantless arrest or search to be justified, the State must show the existence of probable cause at the time the arrest or search was made and the existence of circumstances which made the procuring of a warrant impractical. *Reed v. State*, Tex.Cr.App., 522 S.W.2d 916; *Hooper v. State*, Tex.Cr.App., 516 S.W.2d 941; *Stoddard v. State*, Tex.Cr.App., 475 S.W.2d 744.

Appellant concedes that probable cause to stop appellant existed but urges that the exigent circumstances required for a warrantless search of the automobile were not present. Appellant points to the fact that he was under arrest and urges that there was a burden on the State to show why the obtaining of a warrant was not practical.

We find appellant's reliance on *Stoddard v. State*, supra, and *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, to be misplaced. In both *Coolidge* and *Stoddard* the defendants were arrested in

buildings, placed in custody and taken to jail. At a subsequent time, officers searched the defendants' automobiles, found outside the buildings where the defendants were arrested. See *Coyne v. State*, Tex.Cr.App., 485 S.W.2d 917. Unlike *White v. State*, Tex.Cr.App., 521 S.W.2d 255,[1] cited by appellant, the search of the vehicle in the instant case was at the place of arrest.

The question becomes one of whether, under the circumstances here presented, it was incumbent upon the officers to seize the vehicle, seek out a magistrate, obtain a search warrant and carry out a search pursuant thereto. See *Harris v. State*, Tex.Cr. App., 486 S.W.2d 88.

In *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, this very point is discussed by the United States Supreme Court, wherein the Court said:

"Arguably, because of the preference for a magistrate's judgment, only the immobilization of the car should be permitted until a search warrant is obtained; arguably, only the 'lesser' intrusion is permissible until the magistrate authorizes the 'greater.' But which is the 'greater' and which the 'lesser' intrusion is itself a debatable question and the answer may depend on a variety of circumstances. For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment."

1. In *Texas v. White*, —— U.S. ——, 96 S.Ct. 304, 46 L.Ed.2d 209, the United States Supreme Court reversed our judgment in *White v. State*, supra, holding that where police officers with probable cause can search an automobile on the scene when it

was stopped may constitutionally do so later at the station house without first obtaining a warrant, when the probable cause factor that developed on the scene still obtains at the station house.

We conclude that the search of appellant's automobile and the seizure of the property taken in the burglaries were authorized and that the court did not err in admitting testimony relative to the results of such search and seizure.

The judgments are affirmed.

Opinion approved by the Court.