Thomas SLOBODA, Appellant,

v.

STATE of Texas, Appellee.

No. 04–87–00185–CR.

Court of Appeals of Texas,
San Antonio.

Feb. 10, 1988.

Frank Gelsone, Kerrville, for appellant.

Matthew W. Paul, Asst. Dist. Atty., Kerrville, for appellee.

Before ESQUIVEL, BUTTS and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a conviction for possession of marihuana, a Class B misdemeanor. The Court overruled the appellant's motion to suppress evidence in a pre-trial hearing. The defendant then entered a plea of guilty. Pursuant to a plea bargain agreement punishment was assessed by the Court at a $250 fine and confinement in jail for thirty days, probated for six months.

The single point of error is that the trial court erred in overruling the appellant's motion to suppress evidence. We affirm.

The evidence offered at the hearing on the motion to suppress established that the appellant had parked his automobile in the parking lot of a public high school football stadium. A football game was in progress. The defendant and two companions exited the car and the defendant locked it. The defendant was observed by a deputy sheriff and an agent of the Texas Alcohol Beverage Commission who testified that the appellant apparently tossed an empty beer can to the side of his car. The can was observed by the officers to be sweaty and cold. The appellant and his two companions were told to stand by the car as the officers approached to obtain identification and investigate. Since it was dark, the officers directed their flashlights into the back seat of the locked car and saw in plain view a paper bag with four unopened beer cans.

The appellant refused to unlock or open his car. The officers noticed that the appellant had the odor of beer on his breath. The appellant was placed under arrest for possession of intoxicants on public school grounds, TEX.EDUC.CODE ANN. Sec. 4.22 (Vernon 1986). The car keys were removed from the appellant's shirt pocket, and the car door was unlocked and opened. Upon opening the car door, the officers noticed a strong odor of marihuana. The officers seized the unopened beer cans in the car. Traces of marihuana were found in the rear carpet of the car and a paper bag containing five plastic baggies of marihuana in the spare tire compartment.

The appellant first contends that the officers did not have probable cause or grounds to arrest him for a violation of Sec. 4.22. The prohibited conduct is the possession of any intoxicating beverage on public school grounds "for consumption

sale, or distribution...." [1] The appellant contends there were no facts testified to concerning the purpose of the possession of the beer.

 Probable cause to arrest exists when the facts and circumstances within an officer's knowledge and of which he had reasonably trustworthy information would warrant a reasonable and prudent person in believing that a particular person had committed or was committing a crime. *Lewis v. State* 598 S.W.2d 280, 284 (Tex. Crim.App.1980). The observation of the appellant throwing away an empty beer can, the odor of beer on his breath, and the presence of unopened beer cans in his vehicle were sufficient facts for the officers to believe that the appellant had committed or was committing the crime of possession of intoxicants on school grounds for consumption.

The appellant next argues that even if probable cause existed, the fact that the place which was searched was an automobile was not sufficient justification for a warrantless search in the absence of exigent circumstances.

Assuming that there is probable cause to search a vehicle, there is no difference between seizing and holding the car while application is made to a magistrate or to carry out an immediate search without a warrant. Either course is reasonable under the Fourth Amendment of the U.S. Constitution. *Scott v. State*, 531 S.W.2d 825, 827 (Tex.Crim.App.1976). TEX.EDUC. CODE ANN. Sec. 4.22(b) places a mandatory duty on any officer seeing a person in violation of the act to immediately seize the intoxicating beverage. The officers therefore had authority to open the vehicle and seize the beer. Upon smelling the marihuana they were then justified in searching the entire vehicle. The scope of a warrantless search of a vehicle where probable cause exists can be as extensive as a search authorized by a warrant. If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).

The ground of error is overruled, and the judgment of conviction is affirmed.

---

1. The statute prohibits possession of intoxicating beverages on the grounds or in the building of a public school or while entering or inside any stadium where a public school athletic event is being held. Appellant did not question in his motion to suppress or before this court whether the statute applied to the parking lot. The appellant and his two companions plead guilty to the misdemeanor of possession of intoxicants on public school grounds prior to the hearing on the motion to suppress.