In The
Court of Appeals
For The
First District of Texas
____________

NOS. 01-01-00901-CR
           01-01-00902-CR
           01-01-00903-CR
____________

ALTON JEROME DICKEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause Nos. 868635, 880168, 868636




O P I N I O N
          Appellant, Alton Jerome Dickey, pled guilty to the offenses of escape, 
possession of cocaine, and possession of marihuana. The trial court sentenced him
to seven years’ confinement in causes numbers 868635 and 868636 and 180 days in
cause number 880168. Appellant appeals the trial court’s denial of his motions to
suppress in the three cases. We affirm.
BackgroundOn February 9, 2001, Officer Condon went to the Texas Truck Shop, a car
detail shop, to assist fellow officers in an arrest. The shop had two large bay doors
that opened into a garage. When he arrived, Officer Condon saw appellant sitting on
the ground in front of the left bay door. Another officer on the scene told Officer
Condon that appellant had given the police verbal permission to get his driver’s
license out of the glove box of his truck. Consequently, Officer Condon asked for
and obtained appellant’s keys. Upon opening the door, Officer Condon smelled a
strong odor of marijuana coming from inside the truck. Immediately, Officer Condon
shut the door of the truck and asked appellant to sign a written consent form giving
Officers Condon and Seitzinger permission to search the truck. Appellant signed the
consent form. Thereafter, Officer Condon searched appellant’s truck and found
marijuana, cocaine, drug paraphernalia, and a handgun. The contraband was found
inside two boxes that contained two speakers. The marijuana and drug paraphernalia
were found behind a speaker that did not have screws in it. However, Officer Condon
had to unscrew the speaker where the cocaine and the handgun were found. At this
point, appellant began fleeing the scene, and several officers chased after him.
Waiver
          The State argues that appellant waived his right to appeal as a condition to his
plea bargains. The plea of guilty in each cause states, “No agreed recommendation
but if defendant appears to be sentenced then 180 days state jail” in cause number
880168, and “7 years TDCJ-ID” in cause numbers 868635 and 868636. The trial
court assessed punishment at 180 days in a state jail in cause number 880168 and
sentenced appellant to seven years in prison in cause numbers 868635 and 868636.
          Notwithstanding the similarities between the written statement in the pleas of
guilty and the punishments assessed by the court, we conclude that appellant and the
State did not enter into plea bargains. The pleas of guilty clearly state that, “no
agreed recommendation” was reached, and the remaining clause expresses
conditional recommendation. Such a conditional recommendation does not create a
plea bargain where the parties have expressly stated that one does not exist.
Motion to SuppressIn his sole point of error, appellant contends that the trial court erred when it
denied his motions to suppress because the State failed to prove by clear and
convincing evidence that appellant voluntarily consented to the search of his truck. 
See Carmouche v. State, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000). We review a
trial court’s ruling on a motion to suppress using a bifurcated standard of review. Id.
at 327. First, we give almost total deference to a trial judge’s determination of
historical facts and application of the law to fact questions that turn on credibility and
demeanor of the witnesses. Id.; Martinez v. State, 29 S.W. 3d 609, 611 (Tex. App.
—Houston [1st Dist.] 2000, pet. ref’d). Second, we review de novo application of the
law to fact questions that do not turn upon credibility and demeanor. Id. When the
trial court does not make findings of fact, we review the evidence in the light most
favorable to the trial court’s ruling. Id. at 328. 
          In this case, the trial court denied appellant’s motion to suppress. It did not
make explicit findings of fact. Therefore, we review the evidence in the light most
favorable to this ruling. We will uphold this ruling if it is supported by any
applicable legal theory. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App.
1990).
          Appellant contends that he did not voluntarily consent to a search of his truck. 
Appellant concedes that he signed a written consent form that broadened the scope
of the search to containers in the truck. However, appellant contends that, because
he did not read the consent form and because the officer did not read the form to him,
he did not know that he had a right to refuse to give consent. Moreover, appellant
testified that he believed that he was giving consent to search the glove box only. He
argues that these facts establish that the State failed to prove by clear and convincing
evidence that his consent was voluntarily given.
          Officer Condon testified that he did not brandish a weapon when he asked
appellant to sign the consent form. Officer Condon also testified that he read the
consent form to appellant and that appellant seemed to understand what he was being
told. The consent form was admitted into evidence. The form clearly states that the
signer understands that he has the right to refuse to consent to the search and the right
to refuse to sign the consent. Furthermore, it states that “no promises, threats, force,
or physical or mental coercion of any kind whatsoever has been used against me to
consent to the search described above, or to sign this form.”
          In a suppression hearing, the trial judge is the sole trier of fact and judge of the
credibility of the witnesses and the weight to be given their testimony. State v.
Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999); Martinez, 29 S.W. 3d at 611. 
We hold that the trial court did not abuse its discretion in denying appellant’s motions
to suppress.
          Moreover, a warrantless search is valid, even if consent was involuntarily
given, if the State proves that the officer had probable cause at the time the search
was conducted and there were exigent circumstances or the automobile exception
apply. Carroll v. United States, 267 U.S. 132, 156, 45 S. Ct. 280, 286 (1925); Scott
v. State, 531 S.W.2d 825, 827 (Tex. Crim. App. 1976). A warrantless search of an
automobile based on probable cause is justified under the United States and Texas
Constitutions because a vehicle can be quickly moved out of the location or
jurisdiction in which the warrant must be sought, making obtaining a warrant
impractical. Carroll, 267 U.S. at 156, 45 S. Ct. at 286; Moulden v. State, 576 S.W.2d
817, 819 (Tex. Crim. App. 1978). 
          Thus, in this case, the question becomes whether, under the circumstances, it
was incumbent upon the officers to seize the vehicle, seek out a magistrate, obtain a
search warrant and carry out a search pursuant thereto. Chambers v. Maroney, 399
U.S. 42, 52, 90 S. Ct. 1975, 1981 (1970). The United States Supreme Court and the
Texas Court of Criminal Appeals have held that, “for constitutional purposes, we see 
 no difference between on the one hand seizing and holding a car before presenting
the probable cause issue to a magistrate and on the other hand carrying out an
immediate search.” Id.; Scott, 531 S.W.2d at 827 (citing Chambers, 399 U.S. at 52,
90 S. Ct. at 1981).
          Finding that the automobile exception applies, we now turn to whether the
evidence was lawfully seized. Evidence is lawfully seized if it meets the
requirements of the “plain view” doctrine. That doctrine requires that (1) law
enforcement officials have a right to be where they are, and (2) it must be
immediately apparent that the item seized constitutes evidence (that is, there is
probable cause to associate the item with criminal activity). State v. Haley, 811
S.W.2d 597, 599 (Tex. Crim. App. 1991); Ramos v. State, 934 S.W.2d 358, 365 (Tex.
Crim. App. 1996). We believe that the plain view doctrine applies with equal force
to items that can be plainly smelled. 
          Accordingly, we first examine whether the officer had a right to open the door
of appellant’s truck. Appellant admitted that he gave the officer his keys and that he
gave the officer absolute permission to retrieve his identification. Appellant does not
challenge the voluntariness of this consent. Thus, the officer had the right to open the
door to appellant’s truck and retrieve his identification from the glove box. 
          Next, we examine whether there was probable cause to associate the smell of
marijuana with criminal activity. Probable cause exists when the facts and
circumstances, within the knowledge of the officer, would lead a person of reasonable
caution and prudence to believe that an instrumentality of a crime or evidence will be
found. Moulden, 576 S.W.2d at 819; Autry v. State, 21 S.W.3d 590, 592 (Tex. App.
—Houston [1st Dist.] 2000, no pet.). Texas courts have found probable cause to
search based solely on the smell of marihuana. Razo v. State, 577 S.W.2d 709, 711
(Tex. Crim. App. [Panel Op.] 1979); Joseph v. State, 3 S.W.3d 627, 634 (Tex. App.
—Houston [14th Dist.] 1999, no pet.); Taylor v. State, 20 S.W.3d 51, 55 (Tex.
App.—Texarkana 2000, pet. ref’d). Officer Condon testified that when he opened the
door he smelled a very strong odor of raw marijuana. Accordingly, the trial court did
not abuse its discretion in finding probable cause existed.
          We recognize that the Court of Criminal Appeals has held that “[t]he odor of
marijuana, standing alone, does not authorize a warrantless search and seizure in a
home. An arresting officer must have specific knowledge to believe that the person
to be arrested has committed the offense.” State v. Steelman, Nos. 1022-00 and 1023-00, slip op. at 10 (Tex. Crim. App. Oct. 23, 2002).
          The present case is distinguishable. The United States Supreme Court has held
that automobiles and other conveyances may be searched without a warrant in
circumstances that would not justify the search without a warrant of a house, provided
that there is probable cause to believe that the car contains articles that the officers
are entitled to seize. Chambers, 399 U.S. at 48, 90 S. Ct. at 1979. Under the
automobile exception, an officer may conduct a warrantless search of a motor vehicle
if the officer has probable cause to believe the vehicle contains evidence of a crime. 
Carroll, 267 U.S. at 156, 45 S. Ct. at 286; Powell v. State, 898 S.W.2d 821, 827 (Tex.
Crim. App. 1994). In this case, the search was of a motor vehicle, and the officer
conducting the search had probable cause to believe the car contained marijuana.
          Therefore, we overrule appellant’s sole point of error.
 
 
 
 
 
 
Conclusion
          We affirm the judgments of the trial court.
                                                                        Adele Hedges
                                                                        Justice
 
Panel consists of Justices Hedges, Keyes, and Evans.



Publish. Tex. R. App. P. 47.4