Opinion issued November 22, 2016



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-15-01060-CR
_____

**MARSHALL DARNELL JOSHUA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Case No. 15CR0262**

---

## O P I N I O N

Appellant Marshall Joshua appeals from a conviction for possession of heroin with intent to deliver. In a single issue, he complains that the jury verdict form should have first provided the Jury the option of finding appellant "Not Guilty" before the option of "Guilty" or, alternatively, that the verdict form should

have admonished the jury that the placement of "Guilty" before "Not Guilty" was not a comment on the court's opinion of appellant's guilt. We affirm the trial court's judgment.

## BACKGROUND

### A. Charge Objection

During the charge conference, the following exchange took place with appellant's attorney, who argued that the verdict form was inconsistent with the presumption of innocence that the Jury was required to apply:

> [DEFENSE COUNSEL]: -- as you know, this has always been my argument. On the verdict page, the State always chooses to put: We, the jury, find the defendant guilty of the offense of possession of a controlled substance with intent to deliver. My argument to the Court is it should read: We, the jury, find the defendant not guilty, being the first choice. And that is mirrored in the Harris County District Court's jury charges because a person is presumed innocent until they're found guilty.

> THE COURT: Ah. But then there's the other argument, that the State has the burden of proving their case beyond a reasonable doubt, which is why they get to present evidence first. That's why they get to argue to the jury first and that's why it's in – it's in the verdict forms first.

> [DEFENSE COUNSEL]: But both after they put on their evidence and after they get to argue first and after they have allegedly met their burden, the defendant still stands not guilty -- or presumed innocent. So, I've always asked that the not guilty -- because there's a presumption --

> THE COURT: I know -- I know you always do and I know that you're not the only one. But, ultimately, it's my charge. I've been doing it the same way for 23 years and that's how I'm doing it. So, your objection is overruled.

2

## B. The Court's Charge

The charge instructed the jury that appellant had pleaded "not guilty" and contained the definitions relevant to the crimes with which he was charged, the lesser included offense, the law of the parties, and admonished that the failure of appellant to testify could not be considered evidence of guilt. It also contained the following instructions as to the standards to be applied by the jury:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 1st of FEBRUARY A.D., 2015 in Galveston County, Texas [appellant], either acting alone or as a party, as herein defined, with Jerome Harris, did then and there knowingly possess, with intent to deliver, a controlled substance, namely, Heroin, in an amount of four grams or more but less than two hundred grams, then you will find [appellant] guilty of Possession of a Controlled Substance with Intent to Deliver, as charged in the indictment.

> Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of Possession of a Controlled Substance with Intent to Deliver and go on to consider whether he is guilty of the lesser offense of Possession of a Controlled Substance, namely, Heroin, in an amount of four grams or more but less than two hundred grams.

> . . . .

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 1st day of FEBRUARY, 2015, in Galveston County, Texas [appellant], either acting alone or as a party, as herein defined with Jerome Harris, did then and there knowingly possess a controlled substance, namely, Heroin, in an amount of four grams or more but less than two hundred grams, then you will find the Defendant guilty of the lesser offense of Possession of a Controlled Substance, namely, Heroin, in an amount of four grams or more but less than two hundred grams.

> If you believe from the evidence beyond a reasonable doubt that the Defendant is either guilty of Possession of a Controlled Substance

3

with Intent to Deliver or Possession of a Controlled Substance, but you have a reasonable doubt as to which the Defendant is guilty of, then you should resolve that doubt in Defendant's favor and find him guilty of the lesser offense of Possession of a Controlled Substance.

If you have a reasonable doubt as to whether [appellant] is guilty of any offense, that is Possession of a Controlled Substance with Intent to Deliver or Possession of a Controlled Substance, then you will acquit [appellant] and say by your verdict "Not Guilty."

. . . .

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial. The law does not require [appellant] to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the Defendant, unless the jurors are satisfied beyond a reasonable doubt of [appellant's] guilt after careful and impartial consideration of all the evidence in the case.

The prosecution has the burden of proving [appellant guilty] and must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit [appellant].

In the event you have a reasonable doubt as to [appellant's] guilt after considering all the evidence before you and these instructions, you will acquit him and say by your verdict "Not Guilty." . . . . The burden of proof in all criminal cases rests upon the State throughout the trial and never shifts to [appellant].

. . . .

Suitable forms for your verdict are hereto attached; your verdict must by in writing and signed by your Foreperson. Your sole duty at this time is to determine the guilt or innocence of [appellant] under the indictment in this case; and restrict your deliberations solely to the issue of guilt or innocence of [appellant].

## ISSUE ON APPEAL

Appellant raises the following issue for our review:

"The 122nd Judicial District Court should have provided the jury with the verdict page having the "not guilty" option appearing first, and the "guilty" option appearing second. Alternatively, the Court should have provided contiguous instruction on the verdict page that the placement of the options "not guilty" and "guilty" on the verdict page were not comments by the Court on its opinion on the matter."

## STANDARD OF REVIEW

The verdict form is part of the court's charge. *Jennings v. State*, 302 S.W.3d 306, 307 (Tex. Crim. App. 2010). We review alleged jury charge error in two steps: first, we determine whether error exists; if so, we then evaluate whether sufficient harm resulted from the error to require reversal. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). The degree of harm required for reversal depends on whether the jury charge error was preserved in the trial court. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g) (setting forth analysis for determining whether jury charge error requires reversal). If the jury charge error has been properly preserved by an objection or request for instruction, reversal is required if the appellant has suffered "some harm" from the error. *Vega v. State*, 394 S.W.3d 514, 519 (Tex. Crim. App. 2013); s*ee Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009) ("If there was error and appellant objected to the error at trial, reversal is required if the error 'is calculated to injure

5

the rights of the defendant,' which we have defined to mean that there is 'some harm.'").

Thus, in considering appellant's single point of error, we first must determine if there was error in the charge. Only if we find error do we address whether appellant was harmed sufficiently to require reversal. *Druery v. State*, 225 S.W.3d 491, 504 (Tex. Crim. App. 2007).

**ANALYSIS**

The crux of appellant's argument is that, by placing the "guilty" option on the verdict form above the "not guilty" option, the court was essentially commenting on the weight of the evidence and conveying to the jury that the court thought appellant was guilty. And appellant contends that, "in some measure, the placement of the option of 'Guilty' first on the verdict page, absent contiguous written instruction to the jury that the relative placements of 'guilty' and 'not guilty' on the verdict page were not to be taken as comment by the Court as to its opinion on the matter, robbed Appellant of the complete presumption of innocence and, thereby deprived him of Due Process." Appellant analogizes this situation to the practice of placing candidate names' randomly on ballots to avoid the appearance of unfairness. And he contends that the "written placement of the options on the verdict page carries presumed imprimatur of judicial approval."

Appellant acknowledges that, at the beginning of trial, the court admonished the jury that "[n]o ruling – no statement, ruling or remark that I make during the entire time this case is on trial is intended in any way to indicate my opinion as to the facts." Nonetheless, appellant asserts, "this early verbal caution by the trial court, doesn't speak to the later charge to the jury, and is insufficiently specific to adequately counter the impression that the written charge would leave in the jury members' minds – that the trial court had some biased leanings toward the first choice of "guilty."

The State counters that the only requirement for a written verdict form is that "it must set out every 'guilty' and 'not guilty' option that is available to the jury." *Jennings v. State*, 302 S.W.3d at 310. And it notes that this Court, and other appellate courts, have rejected appellant's identical argument, concluding that that the placement of "Guilty" before "Not Guilty" in an otherwise proper verdict form does not indicate a trial court is biased or influence a jury to vote a particular way. *See Hallman v. State*, No. 01-85-0720-CR, 1986 WL 10188, at *1 (Tex. App.—Houston [1st Dist.] Aug. 28, 1986, no pet.) (not designated for publication) ("The trial court properly charged the jury on the presumption of innocence and the State's burden of proof. The order in which the verdict options appeared on the verdict form in no way changed or contradicted the duty of the jurors to act in accordance with the instructions given them."); *see also Cook v. State*, No. 07–11–

00390–CR, 2013 WL 5782915, at *7 (Tex. App.—Amarillo Oct. 23, 2013, pet. ref'd) (mem. op., not designated for publication) (holding trial court's placing "guilty" verdict form before "not guilty" verdict form did not influence jury to ignore the trial court's detailed written instructions in court's charge); *Vertiz v. State*, No. 12–11–00136–CR, 2012 WL 690398, at * 4 (Tex. App.—Tyler Feb. 29, 2012, no pet.) (mem. op., not designated for publication) (holding that trial court's placing "guilty" verdict form before "not guilty" verdict form did not influence the jury to find appellant guilty when it would not have otherwise done so); *cf. Estelle v. State*, No. 05–11–00353–CR, 2013 WL 222268, at *4 (Tex. App.—Dallas Jan. 16, 2013, no pet.) (mem. op., not designated for publication) (rejecting argument that trial court's placing verdict form with harshest possible punishment first was comment on the evidence and statement as to which punishment court preferred).

Appellant has not demonstrated error in the trial court's verdict form. We overrule his sole issue.

## CONCLUSION

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Huddle.

Publish. TEX. R. APP. P. 47.2(b).

8