# NO. 12-19-00211-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHARNA MAELEAN SUTTON,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *UPSHUR COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Charna Maelean Sutton appeals her conviction for displaying a fictitious/altered motor vehicle registration insignia. Appellant raises five issues on appeal. We affirm.

## BACKGROUND

On November 27, 2017, Gilmer Police Department Patrol Sergeant Andrew Chandler was in his patrol vehicle turning northbound onto U.S. Highway 271. As he did so, he observed a vehicle, which had a registration sticker he described as "absolutely fake," enter the highway from a side street, drive in the incorrect lane against the flow of traffic, and exit the roadway into a convenience store parking lot where it stopped. Chandler initiated a traffic stop in the parking lot.

As he approached the vehicle, Chandler observed that the registration sticker was attached only partially to the inside of the windshield. He described the numbers on the sticker as having been altered with a ball point pen, and he reached through the driver's window and retrieved the sticker. Chandler asked Appellant, the driver, for her driver's license. Appellant responded that she did not have a driver's license with her. Chandler contacted his dispatcher and provided Appellant's name and date of birth. Subsequently, Chandler received a return communication from the dispatcher informing him that Appellant's license was suspended and she did not have liability insurance. As a result, Chandler arrested Appellant.

Appellant was charged by an amended information with displaying a vehicle registration insignia which was fictitious because the expiration date knowingly was altered. Appellant pleaded "not guilty," and the matter proceeded to a jury trial. At the conclusion of trial, the jury found Appellant "guilty" as charged. Thereafter, the trial court sentenced Appellant to confinement for one hundred fifty days. Subsequently, Appellant filed a motion for new trial. Following a hearing on Appellant's motion, the trial court reduced Appellant's sentence to confinement for sixty days. This appeal followed.[1]

## REFUSAL TO PERMIT APPELLANT TO TESTIFY AT TRIAL

In her first issue, Appellant argues that the trial court committed reversible error by denying her request that she be permitted to testify at trial.[2] The record reflects that after Appellant's final witness was excused, the trial was recessed for approximately thirty-seven minutes. When the proceedings resumed, Appellant was not present and did not return until after the defense rested, the jury returned its verdict, and the trial court pronounced Appellant's sentence. Upon her return, Appellant explained that she was absent because she took a witness, Velma Choice, back to her home. She then stated, "Can I throw myself on the mercy of the Court[?] [A]t the end as I was stating that I was trying to do what I felt was right to do was to take Sister Velma home." The trial court, in response, advised Appellant of her right to appeal.

We addressed this issue in Appellant's companion appeal.[3] For the reasons expressed in that opinion, we likewise hold here that Appellant failed to preserve error. *See* TEX. R. APP. P. 33.1. But even assuming arguendo that Appellant's statement to the trial court could be construed as a request to testify, the trial court's resumption of proceedings in Appellant's absence was

---

[1] Appellant filed an appeal in a companion case arising from her conviction for driving while her license was invalid at a time when she did not have liability insurance. On April 8, 2020, this court issued an opinion in that appeal in which it affirmed the trial court's judgment. *See generally* **Sutton v. State**, No. 12-19-00210-CR, 2020 WL 1697434 (Tex. App.–Tyler Apr. 8, 2020, no pet. h.) (mem. op., not designated for publication). In this appeal, Appellant's first two issues are identical to the issues raised in the appeal of the companion case. In the interest of brevity, we will discuss Appellant's first two issues summarily with reference to our April 8, 2020, opinion.

[2] Appellant's counsel concedes that Appellant's issues one, two, three, and four do not amount to reversible error and have been raised due to Appellant's insistence. We appreciate Appellant's counsel's candor. Nonetheless, because the issues have been raised, we must address them. *See* TEX. R. APP. P. 47.1; *see also* **Ex parte Flores**, 387 S.W.3d 626, 639 (Tex. Crim. App. 2012) (orig. proceeding).

[3] *See* **Sutton**, 2020 WL 1697434, at *1–2.

2

lawful, and Appellant is estopped under the invited error doctrine from complaining on appeal that she was not permitted to testify. *See* TEX. CODE CRIM. PROC. ANN. art. 33.03 (West 2006); *Vennus v. State*, 282 S.W.3d 70, 74 (Tex. Crim. App. 2009). Appellant's first issue is overruled.

## NECESSITY INSTRUCTION

In her second issue, Appellant argues that the trial court abused its discretion in excluding from its charge an instruction on the defense of necessity. As with issue one, we addressed this issue in Appellant's companion appeal.[4]

As a result, we hold here that because Appellant did not request that the trial court include an instruction in its charge on the defense of necessity, nor did she object to its omission, the trial court did not abuse its discretion in omitting such an instruction from its charge. *See Oursbourn v. State*, 259 S.W.3d 159, 179 (Tex. Crim. App. 2008). But even if Appellant had requested such an instruction and had the trial court denied it, the outcome would not vary because Appellant's defensive evidence does not support an admission of the conduct underlying the offense of driving a motor vehicle with a fictitious/altered registration insignia. *See Juarez v. State*, 308 S.W.3d 398, 399 (Tex. Crim. App. 2010) (to be entitled to necessity instruction, defendant's defensive evidence must admit to underlying conduct and requisite culpable mental state underlying charged offense). Accordingly, we hold that Appellant was not entitled to a necessity instruction in the court's charge because she did not admit to having committed the essential underlying conduct. *See Shaw v. State*, 243 S.W.3d 647, 660 (Tex. Crim. App. 2007); *see also Williams v. State*, 314 S.W.3d 45, 50 (Tex. App.–Tyler 2010, pet. ref'd). Appellant's second issue is overruled.

## SEIZURE OF PROPERTY IN AN AUTOMOBILE IN PLAIN VIEW

In her third issue, Appellant argues that Chandler's removal of her registration sticker from the inside of her car amounted to an unlawful seizure.

The Fourth Amendment protects against unreasonable searches and seizures. *Walter v. State*, 28 S.W.3d 538, 540 (Tex. Crim. App. 2000). The capacity to claim the protection of the Fourth Amendment depends upon whether the person has a legitimate expectation of privacy in the invaded place. *Id.* While searches conducted without a warrant are unreasonable per se,

---

[4] *See Sutton*, 2020 WL 1697434, at *2–3.

seizing contraband in plain view does not run afoul of the Fourth Amendment because the seizure of property in plain view involves no invasion of privacy and is presumptively reasonable. *See id.*

A seizure of an object is lawful under the plain view doctrine if (1) the law enforcement official lawfully is in a place where the object can be viewed plainly, (2) the incriminating character of the object in plain view is immediately apparent to the official, and (3) the official has the right to access the object. *See Keehn v. State*, 279 S.W.3d 330, 334 (Tex. Crim. App. 2009).

Here, the record reflects that Chandler lawfully initiated a traffic stop of Appellant's vehicle. *See State v. Alderete*, 314 S.W.3d 469, 472 (Tex. App.–El Paso 2010, pet. ref'd) (law enforcement officer justified in detaining person for investigative purposes if officer has reasonable suspicion to believe individual is violating law); *see also* TEX. TRANSP. CODE ANN. §§ 502.475 (West Supp. 2019) (displaying fictitious or altered registration insignia), 545.051 (West 2011) (driving on right side of roadway). Furthermore, Chandler was permitted to approach Appellant's vehicle to request information from her. *See Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004) (during routine traffic stop, police officers may request certain information from driver, such as driver's license and car registration, and may conduct a computer check on that information). Thus, we conclude that Chandler lawfully was standing beside Appellant's vehicle during a routine traffic stop. *See Keehn*, 279 S.W.3d at 334.

The record further supports that Chandler immediately recognized the incriminating character of the registration sticker. At trial, he testified that when he first observed Appellant's vehicle, he noticed that the registration sticker was "absolutely fake." *See* TEX. TRANSP. CODE ANN. § 502.475(a)(4) (fictitious registration sticker); *see also Fictitious*, RANDOM HOUSE WEBSTER'S COLLEGE DICTIONARY 494 (1991) ("fictitious" defined in pertinent part as "not genuine" or "false"). Further, during the traffic stop, he described the numbers on the sticker as having been altered with a ball point pen. *See, e.g.*, TEX. TRANSP. CODE ANN. § 502.475(b) (knowingly altered registration sticker).

Lastly, the record supports that Chandler had the right to access the altered registration sticker he observed partially attached to the inside of the windshield of Appellant's vehicle.[5] The automobile exception to the warrant requirement in the Fourth Amendment to the United States

---

[5] Choice, who was the passenger in Appellant's vehicle that day, testified that the registration sticker was lying on the dashboard of Appellant's vehicle, just underneath the windshield. The inconsistency between her testimony and Chandler's about the precise location of the sticker does not contradict the fact that it plainly was visible to Chandler at the time.

Constitution permits officers to conduct a warrantless search of a motor vehicle if the officer has probable cause to believe the vehicle contains evidence of a crime. *See Liffick v. State*, 167 S.W.3d 518, 520 (Tex. App.–Houston [14th Dist.] 2005, no pet.) (citing *Chambers v. Maroney*, 399 U.S. 42, 48–49, 90 S. Ct. 1975, 1979–80, 26 L. Ed. 2d 419 (1970); *Powell v. State*, 898 S.W.2d 821, 827 (Tex. Crim. App. 1994); *Amos v. State*, 819 S.W.2d 156, 160–61 (Tex. Crim. App. 1991)); *see also Borne v. State*, 593 S.W.3d 404, 416 (Tex. App.–Beaumont 2020, no pet.). A warrantless search of an automobile based on probable cause is justified under the United States and Texas Constitutions because a vehicle can be quickly moved out of the location or jurisdiction in which the warrant must be sought, making obtaining a warrant impractical. *See Liffick*, 167 S.W.3d at 521 (citing *Scott v. State*, 531 S.W.2d 825, 827 (Tex. Crim. App. 1976)). Under the automobile exception, law enforcement officials may conduct a warrantless search of a vehicle if (1) it is readily mobile and (2) there is probable cause to believe that it contains contraband. *See Keehn*, 279 S.W.3d at 335. There are two justifications behind this exception. *Id.* First, the "ready mobility" of a vehicle creates an exigency. *Id.* Second, an individual has a reduced expectation of privacy in a vehicle because it is subject to pervasive government regulation. *Id.*

Here, the record supports that Appellant's vehicle was readily mobile. Chandler testified that he saw her driving the vehicle on the wrong side of the highway against the flow of traffic before he initiated the traffic stop. Further, Chandler described the registration sticker as "absolutely fake" and the numbers on the sticker as having been altered with a ball point pen. Thus, there was probable cause for Chandler to believe that the altered registration sticker was contraband. *See* TEX. TRANSP. CODE ANN. § 502.475(a), (b). Therefore, we conclude that Chandler had the right to access the vehicle to retrieve the altered registration sticker. Accordingly, we hold that Chandler's seizure of the registration sticker under the plain view doctrine did not result in an unreasonable seizure in violation of Appellant's Fourth Amendment rights. Appellant's third issue is overruled.

## EVIDENTIARY SUFFICIENCY

In her fourth issue, Appellant argues that the evidence is legally insufficient to support the trial court's judgment.

**Standard of Review**

The ***Jackson v. Virginia***[6] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See **Brooks v. State***, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See **Jackson***, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also **Escobedo v. State***, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; *see also **Johnson v. State***, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; ***Johnson***, 871 S.W.2d at 186. A jury is free to believe all or any part of a witness's testimony or disbelieve all or any part of that testimony. *See **Lee v. State***, 176 S.W.3d 452, 458 (Tex. App.–Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See **Tibbs v. Florida***, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See **Malik v. State***, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." ***Id.***

**Discussion**

To meet its burden of proof that Appellant committed the Class B Misdemeanor of displaying a fictitious/altered vehicle registration insignia, the State was required to prove that she displayed on a motor vehicle a registration insignia that was fictitious in that the expiration date had been altered.[7] *See* TEX. TRANSP. CODE ANN. § 502.475(a)(4), (d).

---

[6] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

[7] The court's charge included in its application paragraph that Appellant must commit the offense "intentionally" or "knowingly." However, Texas Transportation Code, Section 502.475(a)(4) requires no culpable

Here, Chandler testified that on November 27, 2017, he observed a vehicle being driven in the incorrect lane against the flow of traffic on U.S. Highway 271 with a registration sticker that was "absolutely fake." Chandler further testified about his interaction with Appellant, the driver of the vehicle, after he initiated the traffic stop in a convenience store parking lot. Chandler stated that as he approached the vehicle, he observed the registration sticker partially attached to the inside of the windshield. Chandler described the numbers on the sticker as having been altered with a ball point pen. The State admitted as an exhibit the altered registration sticker Chandler retrieved from Appellant's vehicle. Moreover, Upshur County Tax Assessor's Office Chief Deputy Tax Assessor Brandy Davis testified that Appellant's vehicle registration sticker expired in June 2017. She further testified that Appellant's registration sticker appeared to have been altered, did not appear to be "legit[,]" and was what she considered to be "a piece of trash."

Based on our review of the record, we conclude that there was ample evidence to permit the jury to find beyond a reasonable doubt that Appellant committed the offense of displaying a vehicle registration insignia, which was fictitious in that the expiration date was altered. *See id.* Therefore, we hold that the evidence is legally sufficient to support the trial court's judgment. Appellant's fourth issue is overruled.

## CHARGE ERROR

In her fifth issue, Appellant argues that the verdict page in the court's charge erroneously permitted the jury to find her guilty on a different ground than that alleged in the State's amended information. Specifically, she contends that the jury verdict form contains language suggesting she could be found "guilty" for committing the offense by alternative means.

### Standard of Review and Governing Law

The verdict form is part of the court's charge. *Jennings v. State*, 302 S.W.3d 306, 307 (Tex. Crim. App. 2010); *Joshua v. State*, 507 S.W.3d 861, 863 (Tex. App.–Houston [1st Dist.] 2016, no pet.). We review alleged jury charge error in two steps—we first determine whether error exists, and, if so, we then evaluate whether sufficient harm resulted from the error to require reversal. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *Ngo v. State*, 175 S.W.3d

---

mental state. *See* TEX. TRANSP. CODE ANN. § 502.475(a)(4). Furthermore, the hypothetically correct jury charge in this case does not unnecessarily increase the State's burden of proof. *See Malik*, 953 S.W.2d at 240. Therefore, we do not consider whether the evidence is legally sufficient to support whether Appellant possessed a culpable mental state. *See id.*

738, 743–44 (Tex. Crim. App. 2005); *Joshua*, 507 S.W.3d at 863–64. The degree of harm required for reversal depends on whether the jury charge error was preserved in the trial court. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g) (setting forth analysis for determining whether jury charge error requires reversal). If the jury charge error properly has been preserved by an objection or request for instruction, reversal is required if the appellant has suffered "some harm" from the error. *Vega v. State*, 394 S.W.3d 514, 519 (Tex. Crim. App. 2013); *see Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). When the defendant fails to object or states that she has no objection to the charge, we will not reverse for jury charge error unless the record shows the defendant has suffered egregious harm. *See Ngo*, 175 S.W.3d at 743–44. Thus, in considering Appellant's fifth issue, we first must determine if there was error in the charge. *See Joshua*, 507 S.W.3d at 864. Only if we find error do we address whether Appellant was harmed sufficiently to require reversal. *Id.*

**Discussion**

As Appellant notes in her brief, the court's charge correctly recites the law underlying the charged offense. *See* TEX. TRANSP. CODE ANN. § 502.475(a). Moreover, as Appellant notes in her brief, the application paragraph in the court's charge correctly instructs the jury on how to apply the law in conjunction with the allegations in the amended information. Specifically, the charge's application paragraph sets forth as follows:

> NOW, IF YOU FIND FROM THE EVIDENCE BEYOND A REASONABLE DOUBT THAT ON OR ABOUT THE 27TH DAY OF NOVEMBER 2017, IN UPSHUR COUNTY, TEXAS, THE DEFENDANT, CHARNA MAELEAN SUTTON, DID THEN AND THERE INTENTIONALLY OR KNOWINGLY DISPLAY ON A MOTOR VEHICLE, NAMELY: A 2004 CHEVROLET, A REGISTRATION INSIGNIA THAT WAS FICTITIOUS, THEN YOU WILL FIND THE DEFENDANT GUILTY OF THE OFFENSE OF DISPLAYING A FICTITIOUS INSIGNIA AS CHARGED IN THE COMPLAINT/INFORMATION.

However, Appellant contends that the verdict form sets forth multiple, uncharged, alternate means of committing an offense under Section 502.475(a). Specifically, the verdict form states as follows:

> WE, THE JURY, FIND THE DEFENDANT, CHARNA MAELEAN SUTTON, GUILTY OF DISPLAY [OF] WRONG, FICTITOUS, ALTERED, OR OBSCURED INSIGNIA, AS ALLEGED IN THE COMPLAINT AND INFORMATION.

8

While the verdict form does, in fact, contain language which, when viewed in a vacuum, could be construed as providing multiple, uncharged means of committing an offense under Section 502.475(a), Appellant's argument is unfounded for several reasons. First, Texas Transportation Code, Section 502.475 is entitled "Wrong, Fictitious, Altered, or Obscured Insignia[.]" Indeed, the introductory paragraph of the court's charge sets forth that Appellant is charged with the offense of "Display [of] wrong, fictitious, altered or obscured insignia." Second, in the jury's verdict form, immediately following the statutory title of the charged offense, is the language "as alleged in the complaint and information." Thus, the verdict form merely used verbatim the statutory title from the Texas Transportation Code, which is the same shorthand used for the offense at the outset of the court's charge and, then, restricted the breadth of the named offense to conform with the allegations in the instant case.

Furthermore, the verdict form does not provide any instructions to the jury. Instead, the court's application paragraph properly instructed the jury on how to apply that law. We generally presume that the jury followed the trial court's instructions as given, and we will not reverse in the absence of evidence that the jury actually was confused by the charge. *See Phat Van Bui v. State*, 68 S.W.3d 830, 842 (Tex. App.–Houston [1st Dist.] 2002, no pet.). Here, there is a logical explanation for the purported alternative means language in the jury's verdict form—the trial court referred to the offense by its title as set forth in the Texas Transportation Code. Moreover, the court's charge also referred to the offense using this same title, there is no error in the recital of the law or the application paragraph in the court's charge, and there is language in the verdict form that restricts the jury's verdict to Appellant's conduct as charged in the information. Finally, there is no evidence that the jury was confused by this statutorily derived language in the verdict form. *See id.* Therefore, we hold that there is no error in the jury verdict form section of the court's charge. Appellant's fifth issue is overruled.

## DISPOSITION

Having overruled Appellant's issues one, two, three, four, and five, we *affirm* the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered April 22, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*
(DO NOT PUBLISH)

9



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 22, 2020

NO. 12-19-00211-CR

**CHARNA MAELEAN SUTTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court
of Upshur County, Texas (Tr.Ct.No. 39675)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*