# NO. 12-21-00073-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANTHONY EUGENE BENDY, JR.,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Anthony Eugene Bendy, Jr. appeals his conviction for possession of a controlled substance with intent to deliver. In a single issue, Appellant argues that the trial court abused its discretion in refusing to submit an instruction in its charge pursuant to Article 38.23 of the Texas Code of Criminal Procedure and that such a refusal amounted to reversible error. We affirm.

## BACKGROUND

On May 1, 2020, Officer Blake Kelley[1] of the Tyler Police Department was on patrol when a tan Tahoe pulled into his lane at the intersection of South Baxter and East Front Streets. Officer Kelley had to engage his brakes to avoid a collision. As a result, he initiated a traffic stop for failure to yield the right of way. After making contact with the driver, Appellant, Officer Kelley observed that Appellant's eyes appeared "heavy" and his breath smelled like alcohol. Officer Kelley shined his flashlight in the backseat and observed a glass jar with a gold lid that contained a green leafy substance he believed to be marijuana. He also observed an open container of Hennessey alcohol. He then asked Appellant to step out of the vehicle.

---

[1] At the time of trial, Kelley had been promoted to a detective. We refer to him as Officer Kelley throughout the opinion.

As Appellant exited the vehicle, Officer Kelley and Tyler Police Officer Spencer McGregor, who arrived as backup, attempted to cuff Appellant. Appellant broke away, grabbed a bag, and attempted to flee. The bag went flying, along with methamphetamine, crack, cocaine, Xanax, marijuana, hydrocodone, cash, a gun, bullets, a scale, cell phones, and a pill bottle. A struggle ensued, and Appellant ultimately fled. Appellant's girlfriend, Ashley Bassett, was in the passenger seat and remained in the vehicle.

Appellant was later arrested and charged by indictment for possession of methamphetamine, in an amount of four grams or more but less than 200 grams, with intent to deliver.[2] The indictment further alleged that Appellant used or exhibited a deadly weapon during the commission of the offense and that Appellant had been convicted of three prior felony offenses. Prior to trial, Appellant filed a motion to suppress, arguing that he was stopped, detained, and arrested without probable cause and that any evidence seized as a result should be excluded. Following a hearing, the trial court denied the motion.

Appellant pleaded "not guilty," and the matter proceeded to a jury trial. At the charge conference, Appellant requested the jury be given an instruction consistent with Article 38.23 of the Texas Code of Criminal Procedure, which the trial court denied. Ultimately, the jury found Appellant "guilty" and found that he used or exhibited a deadly weapon. After finding the habitual offender allegations to be "true," the jury assessed punishment at forty-five years imprisonment. This appeal followed.

## CHARGE ERROR

In his sole issue, Appellant urges he was harmed when the trial court denied his request for an instruction under Article 38.23 of the Texas Code of Criminal Procedure.

### Standard of Review

We review a trial court's refusal to give an instruction in its charge for an abuse of discretion. *See* *Steele v. State*, 490 S.W.3d 117, 130 (Tex. App.–Houston [1st Dist.] 2016, no pet.). A trial court abuses its discretion only if its decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).

---

[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2017).

We review alleged jury charge error in two steps—we first determine whether error exists, and, if so, we then evaluate whether sufficient harm resulted from the error to require reversal. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005); *Joshua v. State*, 507 S.W.3d 861, 863–64 (Tex. App.– Houston [1st Dist.] 2016, no pet). The degree of harm required for reversal depends on whether the charge error was preserved in the trial court. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g) (setting forth analysis for determining whether jury charge error requires reversal). If the charge error properly has been preserved by an objection or request for instruction, reversal is required if the appellant suffered "some harm" from the error. *Vega v. State*, 394 S.W.3d 514. 519 (Tex. Crim. App. 2013); *see Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). When the defendant fails to object or states that she has no objection to the charge, we will not reverse for jury charge error unless the record shows the defendant suffered egregious harm. *See Ngo*, 175 S.W.3d at 743–44. Thus, in considering Appellant's issue, we first must determine if there was error in the charge. *See Joshua*, 507 S.W.3d at 864. Only if we find error do we address whether Appellant was harmed sufficiently to require reversal. *Id*.

## Applicable Law

Under Texas law, the Code of Criminal Procedure requires trial courts to exclude evidence in a trial if the State obtained the evidence by violating the law. TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2018). But if the evidence shows that a fact issue exists about whether the police conduct was illegal, the trial court must submit an instruction to the jury that informs the jury that "if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, . . . [it must] disregard any such evidence so obtained." *Id*. art. 38.23(a).

There must be a genuine dispute about a material fact issue before an Article 38.23 instruction is warranted. *Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007). The defendant must demonstrate that (1) the evidence heard by the jury raises an issue of fact, (2) the evidence on that fact is affirmatively contested, and (3) the contested factual issue is material to the lawfulness of the challenged conduct in obtaining the evidence. *Id*. at 510. If there is no disputed issue of material fact, the legality of the challenged conduct is a question of law for the trial court. *Id*. And if other undisputed facts are sufficient to establish the lawfulness of

the conduct, the contested factual issue is not material, and the defendant is not entitled to a jury instruction on the fact issue. *See id.* at 510–11.

To raise a disputed fact issue, there must be some affirmative evidence that contradicts the existence of that fact. *Id.* at 513. This evidence can come "from any source," regardless of whether it is "strong, weak, contradicted, unimpeached, or unbelievable." ***Garza v. State***, 126 S.W.3d 79, 85 (Tex. Crim. App. 2004) (quoting ***Wilkerson v. State***, 933 S.W.2d 276, 280 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd)). A defendant's questions on cross-examination cannot, by themselves, raise a disputed fact issue. ***Madden***, 242 S.W.3d at 515. However, the witnesses' answers to those questions might raise a fact issue. *Id.* at 513.

**Analysis**

Appellant argues that the trial court abused its discretion in refusing his requested Article 38.23(a) instruction because a factual issue existed regarding the legality of Appellant's initial detention for a traffic violation and his continued detention for the officer's investigation. Specifically, he contends Bassett's testimony directly conflicted with Officer Kelley's, creating a factual issue. Therefore, Appellant urges, the jury could have disbelieved Officer Kelley and believed Bassett, which would have required them to disregard the evidence showing Appellant's possession of methamphetamine if they had an Article 38.23(a) instruction.

Appellant asserts that Bassett's testimony gave rise to a genuine issue of fact. Appellant points to Bassett's testimony that she and Appellant did not drink alcoholic beverages, that she was close enough to smell his breath, that she did not see alcohol in the vehicle, and that she did not see marijuana in the jar in the vehicle. Based on this testimony, Appellant contends that a fact issue arose that was affirmatively contested, which should have been resolved by an Article 38.23 instruction. We disagree.

We are guided by the Eastland Court's explanation of what constitutes a disputed fact issue. Applying the Texas Court of Criminal Appeals' decision in ***Madden***, the court reasoned:

> [I]f Deputy Gibson had testified that Appellant did speed, and another witness, or Appellant, had testified that Appellant did not speed, this disputed factual issue would have been required to be submitted to the jury. With a factual dispute, if the jury were to believe that Appellant was obeying the speed limit and/or that Deputy Gibson was untruthful or unreasonable in believing that Appellant was not, then the jury, under Article 38.23, would be required to disregard the evidence obtained as a result of the unlawful detention that followed. If, however, Deputy Gibson had testified that Appellant did speed, and another witness, or Appellant, had testified that he did not remember, did not know, or failed to testify at all, then there would have been no disputed fact to submit because there was no affirmative evidence of a factual conflict. Similarly, if Deputy

4

Gibson had testified that Appellant did speed, but opposing counsel had grilled him, "Is it not true that Appellant really did obey the speed limit, you are wrong or you are lying?" there would be no factual dispute unless Deputy Gibson, to cross-examination, made an admission.

*Yoda v. State*, 630 S.W.3d 470, 481 (Tex. App.—Eastland 2021, pet. ref'd) (internal citations omitted). Ultimately, the court concluded there was no affirmative evidence of "did not speed" to contradict the deputy's testimony and create a disputed fact issue. *Id.* at 482.

At trial, Officer Kelley testified that he initiated a traffic stop after he had to brake to avoid hitting a vehicle that turned out in front of him. According to Officer Kelley, the driver of the vehicle, Appellant, smelled like alcohol and had "heavy" eyes. As a result, Kelley suspected Appellant may be intoxicated. During the stop, the officer shined his flashlight in the backseat and observed a jar that contained what he believed to be marijuana and an open Hennessey bottle. At this point, his investigation shifted from a traffic investigation to possible driving while intoxicated and drug possession offenses. Officer Kelley testified that he asked Appellant about the substance, and Appellant denied there was marijuana in the vehicle. However, when asked again about the substance in jar, Appellant admitted it was marijuana. The failure to yield and traffic stop were captured on Officer Kelley's dash camera and played for the jury.

When initially questioned about Appellant's turn onto Front Street, Basset testified that she felt Appellant made a safe turn because she did not see Officer Kelley's car. However, on cross-examination, Bassett testified that she did not know how close Appellant was to Officer Kelley's car when he pulled out because she did not see the officer's car. Because Bassett testified that she did not know whether Appellant failed to yield, her testimony did not create an affirmatively contested fact issue on the initial stop. *See Madden*, 242 S.W.3d at 514; *Yoda*, 630 S.W.3d at 481.

Regarding the continued detention, Bassett testified that Appellant did not tell Officer Kelley there was marijuana in the vehicle. She also initially denied that Officer Kelley asked about the marijuana. However, on cross-examination, she did not remember whether Officer Kelley asked Appellant about marijuana. She further testified that while she saw a jar in the vehicle, she did not see what was in the jar. Bassett's testimony directly contradicts Officer Kelley's regarding whether Appellant admitted to having marijuana in the vehicle. However, her testimony does not affirmatively contradict whether Officer Kelley observed a jar containing marijuana in the vehicle. *See Madden*, 242 S.W.3d at 514; *Yoda*, 630 S.W.3d at 481. And

5

observing marijuana provides probable cause to conduct a warrantless search of the vehicle for marijuana. *See Harper v. State*, 349 S.W.3d 188, 192 (Tex. App.—Amarillo 2011, pet. ref'd).

Bassett further testified that she was "definitely" close enough to Appellant to smell his breath and that he did not smell like alcohol. She also denied that Appellant drank any alcohol from the time she arrived at his house around 8:30 pm until they left and denied that he consumed any alcohol earlier in the day. When asked whether there was alcohol in the vehicle, Bassett testified that she "didn't see any alcohol." Bassett's testimony does affirmatively contradict Officer Kelley's testimony whether Appellant appeared intoxicated. However, her testimony that she "didn't see" the alcohol in the car does not affirmatively contradict Officer Kelley's testimony that he did. *See Madden*, 242 S.W.3d at 514; *Yoda*, 630 S.W.3d at 481. When Officer Kelley observed the Hennessey bottle, he had probable cause to believe an open container violation was being committed and had authority to conduct a warrantless search of the vehicle for open containers. *Harper*, 349 S.W.3d at 192.

Because there was no disputed factual issue presented, we hold that the trial court did not err by failing to include Appellant's requested jury instruction under Article 38.23. Therefore, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered March 23, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 23, 2022**

**NO. 12-21-00073-CR**

**ANTHONY EUGENE BENDY, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0238-21)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*